IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| MARK HIPPLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT AT LAW

NOW COMES, plaintiff, Mark Hippler by and through his attorney Stephen T. Fieweger, P.C. and for his Complaint at Law against the defendant the United States of America, and in support thereof states as follows:

1. That at all times relevant to this cause of action Mark Hippler is a resident of East Moline, Illinois.

2. That Mark Hippler is a veteran and received medical care and treatment at the United States Department of Veterans Affairs in Iowa City, Iowa, at all times relevant to this cause of action.

3. That the United States of America through its agency the Department of Veterans Affairs operates a medical hospital and clinic in Iowa City Iowa.

4. That this court has subject matter jurisdiction pursuant to 29 USC §1331 and under the Federal Tort Claims Act, 28 USC §1346.

5. That plaintiff Mark Hippler has presented his claim for injuries and damages sustained as a result of treatment from Department of Veterans Affairs on April 9, 2019 and the Office of General Counsel the Department of Veterans Affairs denied the administrative tort claim on August 20, 2019 and therefore plaintiff Mark Hippler has exhausted his administrative remedies before proceeding with this claim.

6. That on March 27, 2018 Mark underwent surgery for a laparoscopic end colostomy due to a bowel incontinence.

7. That the defendant's agents surgeons Ben Johnson and supervising staff surgeon Jennifer Hrabe owed a duty of reasonable care, to the plaintiff to perform such surgery in a manner in which a reasonable competent surgeon would perform the same.

8. That the defendant, by its agents and employees Ben Johnson and Jennifer Hrabe were negligent in the performance of the laparoscopic end colostomy in that they failed to adequately suture or close the abdomen at or near its locations with the left sided stoma that they had created.

9. That as a direct and proximate result of the negligent acts or omissions of the defendant's agents and employees plaintiff sustained injury including the development of a large peristomal ventral incisional hernia and a small umbilical hernia from which he sustained damages consisting of past pain and suffering, future pain and suffering, past loss of a full mind and body and future loss of full mind and body all to his damages in an amount in excess of $75,000.00.

WHEREFORE, plaintiff Mark Hippler hereby requests that this court enter judgment in his favor and against the defendant the United States of America in an amount to be determined by the trier of fact plus costs of this action.

                                               Mark Hippler, Plaintiff

                                               /s/ Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Phone:  563.424.1982
Fax:  563.424.1983
Email:  sfieweger@fiewegerlaw.com